UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| NAPOLEON CORPORATION | CIVIL ACTION |
|---|---|
| VERSUS | NO. 07-4921 |
| ESSEX INSURANCE COMPANY ET AL. | SECTION "R" (2) |

## FINDINGS AND RECOMMENDATION

Plaintiff's "Motion to Reopen the Action by Reason of Failure to Consummate Settlement," Record Doc. No. 28, has been referred to me for a recommendation. Record Doc. No. 38. Having considered the record, the submissions of the parties and the applicable law, and for the following reasons, I find that plaintiff's motion should be GRANTED, and the case should be reopened.

This is an insurance dispute arising from a claim for damage caused by Hurricane Katrina. Specifically, it involves a three-party dispute among one plaintiff, Napoleon Corporation, and <u>two</u> insurance company defendants, Essex Insurance Company and Great Central Insurance Company, concerning the manner in which plaintiff's insurance claim was paid, the amount due, and which of the two defendant insurers should have been responsible for payment.

On March 30, 2009, counsel for all parties notified the court that a settlement had been reached and the District Judge entered an order of dismissal, which retained

jurisdiction either to enforce the settlement or to reopen the case, upon motion of any party filed within 60 days. Record Doc. No. 26. When plaintiff's counsel subsequently concluded that his client could not sign the draft written settlement agreement that Essex sent to him, because the written agreement was inconsistent with the oral agreement of the three interested parties, plaintiff filed the instant motion. Plaintiff's motion was timely filed on May 29, 2009, within the 60-day jurisdictional period provided in the court's March 30, 2009 conditional dismissal order.

Specifically, plaintiff, Napoleon Corporation, moves to reopen this case on grounds "that counsel have not been able to confect a settlement agreement that mover feels accurately reflects the verbal settlement agreed upon by the parties." Record Doc. No. 28 (Motion to Reopen at p. 1). Plaintiff supports its motion with the affidavit of Keith Kornman, attorney for defendant Great Central Insurance Company. Record Doc. No. 30-3. Kornman's affidavit states that he participated with counsel for the two other parties "in a three-way settlement conference," during which it was agreed that Essex would pay plaintiff $111,589 and that plaintiff would then reimburse Great Central from that amount the $70,947.48 "mistakenly paid by Great Central to the Napoleon House on September 30, 2005 for damages related to Hurricane Katrina." Kornman's affidavit establishes that the draft settlement agreement forwarded to plaintiff by Essex, which makes no specific mention of the necessary third party to any agreement, Great Central,

2

does not comport with the "three-way deal [that] had been reached between all parties to the instant litigation." Record Doc. No. 30-3 at ¶ 8.

Louisiana substantive law controls in this action based on diversity jurisdiction. In re Katrina Canal Breaches Litig., 495 F.3d 191, 206 (5th Cir. 2007) (citing Erie R Co. v. Tompkins, 304 U.S. 64, 78 (1938)) (additional citations omitted). Under Louisiana law, a valid and enforceable settlement agreement must either be in writing, signed by all parties to the agreement, or recited and recorded in open court.

> Settlement agreements are also known as "compromise" agreements. In 2007, the Legislature amended and reenacted the Louisiana Civil Code articles relative to compromise to be comprised of LSA-C.C. arts. 3071-3078. Although the articles are new, they were not intended to change the law, but to merely reproduce the substance of the former articles and to clarify and reflect principles contained in the former articles and jurisprudence. The pertinent code articles for our analysis of the settlement agreement at issue here are LSA-C.C. arts. 3071 [and] 3072 . . . .
> Louisiana Civil Code article 3071 provides: "A compromise is a contract whereby the parties, through concessions made by one or more of them, settle a dispute or an uncertainty concerning an obligation or other legal relationship." Louisiana Civil Code article 3072 provides: "A compromise shall be made in writing or recited in open court, in which case the recitation shall be susceptible of being transcribed from the record of the proceedings." . . . .
> According to the cited civil code articles and jurisprudence, for a settlement agreement to be valid and enforceable, it must either be recited in open court and capable of being transcribed from the record of the proceeding or be in writing and signed by the parties or their agents.

City of Baton Rouge v. Douglas, No. 2007 CA 1153, 2008 WL 399305, at *2 (La. App. 1st Cir. 2008) (citing Sullivan v. Sullivan, 671 So. 2d 315, 317-18 (La. 1996); Trask v.

3

Lewis, 258 So. 2d 603, 605 (La. App. 1st Cir. 1972); Acts 2007, No. 138, § 1; 2007 Official Revision Comments, La. Civ. Code arts. 3071-3078)) (emphasis by appellate court deleted) (emphasis added); accord Trahan v. Coca Cola Bottling Co., 894 So.2d 1096, 1104 (La. 2005) (citing former La. Civ. Code art. 3071; amended and reenacted as La. Civ. Code arts. 3071 and 3072); Klebanoff v. Haberle, No. 43,102-CA, 2008 WL 725106, at *3 (La. App. 2d Cir. Mar. 19, 2008) (citing former La. Civ. Code art. 3071).[1]

No evidence has been submitted to establish that the alleged settlement agreement prepared by Essex had in fact been agreed upon or signed by all three involved parties. On the contrary, plaintiff has submitted an affidavit of the representative of one of the three involved parties that is sufficient at least to establish a factual dispute as to what the settlement agreement of the parties was. In opposition to the motion, Essex has submitted the unsigned "Receipt, Release and Indemnification Agreement," which Essex submitted to plaintiff's counsel, together with e-mail exchanges between counsel for plaintiff and Essex. Great Central is a party to neither the draft agreement nor the e-mail exchange. In fact, an e-mail from Essex's counsel to plaintiff's counsel states that "Essex Insurance Company will figure out a resolution to Great Argonaut's (sic) erroneous payment to Napoleon Corporation." Record Doc. No. 29-2. At best, this statement indicates that no final resolution of this dispute involving all three of the named parties

---

[1]The amended articles went into effect on August 15, 2007. Id. at *3 n.2.

to the case had in fact been reached.  Under these circumstances, it cannot be concluded that an enforceable settlement was in place.  Because the material facts in this case concerning the alleged settlement agreement are in dispute, and no agreement was recited in open court or reduced to a writing signed by all parties, no valid or enforceable settlement exists under Louisiana law, and the case should be reopened.

### **RECOMMENDATION**

For all of the foregoing reasons, **IT IS RECOMMENDED** that Plaintiff's Motion to Reopen Case, Record Doc. No. 28, be **GRANTED**.

A party's failure to file written objections to the proposed findings, conclusions, and recommendations in a magistrate judge's report and recommendation within ten (10) days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with notice that such consequences will result from a failure to object.  Douglass v. United Servs. Auto Ass'n, 79 F.3d 1415, 1430 (5th Cir. 1996) (en banc).

New Orleans, Louisiana, this   19th   day of August, 2009.

JOSEPH C. WILKINSON, JR.
UNITED STATES MAGISTRATE JUDGE

5

**CLERK TO NOTIFY:**

**HON. SARAH S. VANCE**

**ALL COUNSEL OF RECORD and
KEITH KORNMAN, COUNSEL FOR
DEFENDANT GREAT CENTRAL
INSURANCE COMPANY, at** kkornman@degan.com